```
                   UNITED STATES DISTRICT COURT
                   NORTHERN DISTRICT OF INDIANA
                         HAMMOND DIVISION
```

```
DIANNA HEAVILIN,                )
                                )
          Plaintiff             )
                                )
          v.                    )   CIVIL NO. 2:10 cv 505
                                )
MADISON NATIONAL LIFE INSURANCE )
CO.; DISABILITY REINSURANCE     )
MANAGEMENT SERVICES, INC.,      )
                                )
          Defendants            )
```

OPINION AND ORDER

This matter is before the court on the Motion to Compel [DE 15] filed by the plaintiff, Dianna Heavilin, on September 21, 2011. For the following reasons, the motion is **DENIED WITHOUT PREJUDICE.**

Background

The plaintiff, Dianna Heavilin, was employed as a guidance counselor with South Central Community School Corporation for 16 years. Heavilin's treating physician determined that she was totally disabled on May 16, 2009, as a result of fibromyalgia, degenerative disc disease, osteoarthritis, sleep apnea, adult stress reaction, and depression. At the time she was found to be disabled, Heavilin was insured under a long-term disability policy with Madison National Life Insurance Company. Heavilin applied for and was approved for long-term disability benefits beginning May 20, 2009. Disability Reinsurance Management

Service (DRMS) served as the third-party administrator for Heavilin's disability policy.

On July 15, 2009, Madison National terminated Heavilin's disability benefits. Heavilin proceeded to file this lawsuit, seeking damages for breach of the insurance policy and breach of the covenant of good faith and fair dealing. Heavilin served interrogatories and requests for production of documents on both defendants. The defendants responded, explaining that it did not have possession of some of the information requested and that the information sought was irrelevant. Upon request, Madison agreed to supplement some of its responses as they related to Heavilin's claim but would not provide information related to other claims. Heavilin argues that this will exclude relevant information explaining the claims process and financial incentives offered to reviewing physicians who assisted in terminating Heavilin's claim.

Heavilin's counsel sent a letter to DRMS and Madison on July 15 and 19, 2011, demanding supplementation of the interrogatories and requests for production. DRMS and Madison responded on August 2, 2011, addresssing each of Heavilin's demands and ex-plaining why they were not obligated to supplement their re-sponses. The defendants requested a detailed explanation from Heavilin why she believed the information was relevant and should

be produced.  Heavilin's counsel did not send a written response to the August 2 letter, and did not produce any case authority to show why the information sought should be produced.  On August 9, 2011, the parties had a telephonic conference to discuss the discovery issues.  The defendants' counsel suggested going through the requests in detail, but Heavilin's counsel opposed this approach and only wanted to know whether defense counsel would supplement each request.  The defendants state that they informed Heavilin's counsel that if an explanation of relevance and supporting authority was provided the defendants would reconsider their positions on the requests.

On August 11, 2011, Heavilin deposed three of Madison's employees.  At the depositions, Madison's counsel asked Heavilin if the deposition had resolved some or all of the outstanding discovery issues.  Heavilin's counsel stated that she would think about it and get back to the defendants' counsel with a response.  The defendants' counsel made the same inquiry after the August 23, 2011 deposition, but Heavilin's counsel did not provide a substantive response.  Heavilin proceeded to file this motion to compel.

## Discussion

A party may "obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any

3

party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things." Federal Rule of Civil Procedure 26(b)(1).  For discovery purposes, relevancy is construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case."  *Chavez v. DaimlerChrysler Corp.,* 206 F.R.D. 615, 619 (S.D. Ind. 2002)(*quoting* *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1978)).  Even when information is not directly related to the claims or defenses identified in the pleadings, the information still may be relevant to the broader subject matter at hand and meet the rule's good cause standard.  *Borom v. Town of Merrillville*, 2009 WL 1617085, *1 (N.D. Ind. June 8, 2009) (*citing* *Sanyo Laser Prods., Inc. v. Arista Records, Inc.*, 214 F.R.D. 496, 502 (S.D. Ind. 2003)).  *See also* *Adams v. Target,* 2001 WL 987853, *1 (S.D. Ind. July 30, 2001)("For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."); *Shapo v. Engle,* 2001 WL 629303, *2 (N.D. Ill. May 25, 2001)("Discovery is a search for the truth.").

A party may seek an order to compel discovery when an opposing party fails to respond to discovery requests or has provided evasive or incomplete responses.  Federal Rule of Civil Procedure

37(a)(2)-(3).  The burden "rests upon the objecting party to show why a particular discovery request is improper." *Gregg v. Local 305 IBEW*, 2009 WL 1325103, *8 (N.D. Ind. May 13, 2009)(*citing* *Kodish v. Oakbrook Terrace Fire Protection Dist.*, 235 F.R.D. 447, 449-50 (N.D. Ill. 2006)); *McGrath v. Everest Nat. Ins. Co.*, 2009 WL 1325405, *3 (N.D. Ind. May 13, 2009)(internal citations omitted); *Carlson Restaurants Worldwide, Inc. v. Hammond Professional Cleaning Services*, 2009 WL 692224, *5 (N.D. Ind. March 12, 2009)(internal citations omitted).  The objecting party must show with specificity that the request is improper.  *Cunningham v. Smithkline Beecham*, 255 F.R.D. 474, 478 (N.D. Ind. 2009)(*citing* *Graham v. Casey's General Stores*, 206 F.R.D. 253, 254 (S.D. Ind. 2002)). That burden cannot be met by "a reflexive invocation of the same baseless, often abused litany that the requested discovery is vague, ambiguous, overly broad, unduly burdensome or that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence." *Cunningham*, 255 F.R.D. at 478 (*citing* *Burkybile v. Mitsubishi Motors Corp.*, 2006 WL 2325506, *6 (N.D. Ill. Aug. 2, 2006))(internal quotations and citations omitted).  Rather, the court, under its broad discretion, considers "the totality of the circumstances, weighing the value of material sought against the burden of providing it, and taking into account society's interest in furthering the truth-seeking

function in the particular case before the court." ***Berning v. UAW Local 2209***, 242 F.R.D. 510, 512 (N.D. Ind. 2007)(examining ***Patterson v. Avery Dennison Corp.,*** 281 F.3d 676, 681 (7th Cir. 2002))(internal quotations and citations omitted).

When a party files a discovery motion, he must submit a certification explaining his good faith efforts to confer and resolve the discovery dispute without seeking court intervention. Rule 37(a)(1); Local Rule 37.1. The requirement to meet-and-confer must be taken seriously, because the court must find that the parties made a good faith effort to resolve the dispute before the court can rule on the merits of the motion. *See* ***Robinson v. Potter***, 453 F.3d 990, 994—95 (8th Cir. 2006) (*citing* ***Naviant Mktg. Solutions, Inc. v. Larry Tucker, Inc***., 339 F.3d 180, 186 (3rd Cir. 2003)). *See* ***Shoppell v. Schrader***, 2009 WL 2515817, *1 (N.D. Ind. August 13, 2009) (finding good faith certification of a single letter and a brief telephone conversation inadequate). Courts have broad discretion in determining whether the moving party has satisfied the meet-and-confer component of Rule 37(a)(1) and Local Rule 37.1. ***Mintel Intern. Group, Ltd. v. Neerghen***, 2008 WL 4936745, *1 (N.D. Ill. Nov. 17, 2008). In making this determination, the court will consider the totality of the circumstances. ***Kidwiler v. Progressive Paloverde Ins. Co.,*** 192 F.R.D. 193 (N.D. W.Va. 2000). One correspondence can

meet this requirement when it is detailed and continued contact likely would not have been successful in resolving the discovery dispute. *Kidwiler*, 192 F.R.D. at 198. *See also* *Alloc, Inc. v. Unilin Beheer B.V.*, 2006 WL 757871, *1 (E.D. Wis. March 24, 2006) (finding that several letters exchanged between the two parties satisfied the meet and confer requirement of Rule 37).

The defendants argue that Heavilin did not comply with Rule 37 and make a good faith effort to resolve the dispute before seeking court intervention.  The defendants contend that they would have reconsidered their position if Heavilin would have come forward with authority supporting production of the requested information.  The correspondence the defendants received and the telephonic conference were superficial and did not address the legal merits of demanding production.

Upon review of the correspondence Heavilin sent to the defendants in an effort to amicably resolve the discovery dispute, it does not appear that Heavilin made a good faith effort. Her correspondence states nothing more than the "Plaintiff maintains her request" and that the information sought is not subject to the defense the defendants raised to the respective interrogatory.  Heavilin did not offer any explanation or engage in any discussion to show why the information sought was not subject to the respective defenses.  For example, Heavilin stated

7

that she maintained her request for the information considered in interrogatory five and that the information was relevant to the bad faith count.  Heavilin did not engage in any discussion of how the requested information related to her claim. Her requests for the information omitted from each contested interrogatory were equally deficient.

The defendants also allege that the telephonic conference held to discuss the discovery issues was equally deficient. Heavilin has not contested this statement, and given the lack of explanation contained in her written correspondence, the court believes that her reluctance carried over to the telephonic conference.  Moreover, Heavilin should not have ended the discussions by stating she would get back to the defendants, and then proceed to file a motion to compel without making one last attempt.  The record reflects that the defendants were willing to consider production, but Heavilin was unwilling to provide them with any reason to do so.  Because the record suggests that further discussion may have led to resolution, the court finds that Heavilin did not make a good faith effort to resolve the discovery dispute.  For this reason, the court need not turn to the merits of the dispute.

_____

Based on the foregoing reasons, the Motion to Compel [DE 15] filed by the plaintiff, Dianna Heavilin, on September 21, 2011, is **DENIED WITHOUT PREJUDICE.**  Heavilin must engage in a discussion of the legal merits of her requests with the defendants and make a good faith effort to resolve the dispute.

ENTERED this 26th day of January, 2012

        s/ ANDREW P. RODOVICH
          United States Magistrate Judge