UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DIANNA HEAVILIN, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 2:10-CV-505-JVB |
| ) | |
| MADISON NATIONAL LIFE INSURANCE CO., ) | |
| ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Plaintiff Dianna Heavilin was a guidance counselor in Indiana's South Central Community School Corporation for 16 years, until she did not return to work following a critical performance review in May 2009. Plaintiff then filed a claim for long-term disability benefits under her policy with Defendant Madison National Life Insurance Co. Defendant employed several doctors to review Plaintiff's claim and, relying on their recommendations, ultimately denied the claim. Plaintiff sued Defendant, and the case is scheduled for trial on April 1, 2013.

Plaintiff filed four motions to exclude Defendant's expert witnesses, the physicians who reviewed Plaintiff's disability claim: Dr. Stuart Shipco, who is board certified by the American Board of Psychiatry and Neurology (DE 36); Dr. Steven McIntire, who is board certified in neurology (DE 37); Dr. Melvyn Lurie, who is board certified in Psychiatry (DE 38); and Dr. Angela Wagner who is board certified in physical medicine and rehabilitation (DE 39).

Each motion essentially presents the same argument. Plaintiff insists that the opinions of Defendant's expert witnesses are unreliable and are not based on sufficient facts or data. In particular, Plaintiff submits that their opinions may not be admitted at trial because none of the physicians has ever examined Plaintiff in person and their review of Plaintiff's medical records is

insufficient for a reliable opinion. Plaintiff also implies that her physician, Dr. Lonnie Ailes, who has been treating her for some time and has been seeing her in person, is the only expert qualified to testify at trial.

The Court finds no basis to exclude Defendant's expert witnesses. Plaintiff cites no authority that requires physicians, who are called as expert witnesses, to personally examine the plaintiff in addition to reviewing her medical history. In fact, this preposition is inconsistent with precedent. *See Walker v. Soo Line R. Co.,* 208 F.3d 581, 591 (7th Cir. 2000) (admitting opinion testimony from a physician who performed a records review without an examination, noting that "evaluation of the patient's medical records, like performance of a physical examination, is a reliable method of concluding that the patient is ill even in the absence of a physical examination") (quoting *In re Paoli R.R. Yard PCB Ligig.*, 35 F.3d 717, 762 (3d. Cir. 1994).

Likewise, the record suggests that Defendant's expert witnesses reviewed enough of Plaintiff's medical records to enable them to give their opinions on her psychological and physical well-being. Furthermore, their opinions are stated in sufficient detail and are not based on junk science. Whether their conclusions are right or wrong is a separate matter to be determined by the jury. Furthermore, the credibility of expert witnesses does not present a question of admissibility; rather in cross-examining these witnesses, Plaintiff will be given a chance to discredit them. *See Cooper v. Carl A. Nelson & Co.,* 211 F.3d 1008, 1021 (7th Cir. 2000) ("[T]he accuracy and truthfulness of the underlying history is subject to meaningful exploration and cross-examination and ultimately jury evaluation."); *see also Estate of Gee v. Bloomington Hosp.*, 2012 WL 591459, *3 (S.D. Ind., February 20, 2012) (noting that cross-examination, not exclusion, was the appropriate remedy for expert testimony alleged to be "not credible.").

Finally, the Defendant's expert witnesses' opinions pertain to the sufficiency of Plaintiff's proof that she had become disabled, not whether she actually did become disabled. That is, none of the experts were retained to diagnose Plaintiff and prescribe a course of treatment for her ailments. Rather, they were asked to offer their opinions as to whether the available information, including her medical records, was adequate to support her claim of disability under her insurance policy. Nothing in Plaintiff's motions suggest that Defendant's experts are not qualified to present such opinions.

For these reasons, the Court denies Plaintiff's motions to exclude Defendant's expert witnesses (DE 36—39).

SO ORDERED on January 18, 2013.

  S/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE